**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CANOPIUS US INSURANCE, INC., | : |
| Plaintiff, | : Civil Action No. 17-4616 (FLW) (DEA) |
| v. | : |
| | : **ORDER and JUDGMENT** |
| GRAHAM TRUCKING, LLC; PATRICK GRAHAM; JOHN MONTERO; NEXUS MANAGEMENT, LLC; MERIT SERVICE SOLUTIONS; NEW JERSEY TRANSIT; NEXUS PARKING SYSTEMS; *and* NEXUS PROPERTIES, | : |
| Defendants. | : |

**THIS MATTER** having been opened to the Court by Alexandra E. Rigney, Esq., counsel for Plaintiff Canopius US Insurance, Inc. ("Plaintiff"), on a motion for default judgment against nominal defendants John Montero ("Montero") and Merit Service Solutions ("Merit") (collectively, the "Nominal Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2); it appearing that, Plaintiff filed this declaratory judgment action on June 23, 2017; it appearing that, on November 29, 2017, the Clerk of the Court entered default against the Nominal Defendants as a result of their failure to plead, answer, or otherwise defend in this action; it appearing that, the Nominal Defendants have also failed to respond to the instant motion; the Court, having reviewed Plaintiff's submissions in connection with its motion, pursuant to Fed. R. Civ. P. 78, makes the following findings:

1. On June 23, 2017, Plaintiff filed this declaratory judgment action against Graham Trucking, LLC and Patrick Graham (collectively, the "Graham Defendants"),[1] seeking

---

[1] In its Complaint, Plaintiff also named as nominal defendants John Montero, Nexus Management, LLC, Merit Service Solutions, the New Jersey Transit, Nexus Parking Systems, and Nexus Properties.

1

a declaration that it had no duty to defend or indemnify the Graham Defendants in an underlying personal injury lawsuit that was filed in the Superior Court of New Jersey, Law Division, Mercer County, captioned *John Montero v. Nexus Management, et al.*, No. MER-L-95-15 (the "*Montero* Action"). In its Complaint, Plaintiff also sought a declaration that it had no obligation to provide payment of any judgment that any Nominal Defendant may obtain against the Graham Defendants in the *Montero* Action.

2. On September 20, 2017, Plaintiff moved for summary judgment in this matter. ECF No. 10.

3. On September 21, 2017, Montero was served with a copy of the Summons and Complaint. Declaration of Alexandra E. Rigney ("Rigney Decl."), ¶ 5. Merit was served with the Summons and Complaint on the same date. *Id.* at ¶¶ 8-9. The Clerk of the Court entered default against Montero and Merit on November 29, 2017, as a result of their failure to plead, answer, or otherwise defend in this matter. ECF No. 24.

4. On April 12, 2018, this Court issued an Opinion and Order granting summary judgment in favor of Plaintiff. ECF Nos. 28-29. Specifically, this Court found that: (i) "Plaintiff has no obligation to defend or indemnify the Graham Defendants in connection with [the *Montero* Action]"; (ii) "Plaintiff is entitled to reimbursement for the fees and costs that it incurred in defending the Graham Defendants in the *Montero* Action"; and (iii) "Plaintiff has no duty to pay any judgment that the Nominal Defendants may obtain against the Graham Defendants in the *Montero* Action, insofar as such a judgment arises out of the Graham Defendants' snow and ice removal services." ECF No. 29.

5. On April 26, 2018, Plaintiff filed the instant motion for default judgment against Montero and Merit. ECF No. 31. In its motion, Plaintiff notes that this Court has already entered judgment on all claims asserted in the Complaint, and thus, seeks default judgment against the Nominal Defendants solely for the purpose of binding them to this Court's April 12, 2018 Order. *See* Rigney Decl. ¶¶ 17-18.

6. In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once default has been entered, the non-defaulting party may move for default judgment pursuant to Rule 55(b). Rule 55(b)(1) authorizes the clerk to enter a default judgment where the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . . ." FED. R. CIV. P. 55(b)(1). In all other cases, the moving party must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

7. Here, Plaintiff has met its burden of demonstrating that default judgment against Montero and Merit is warranted, because default has been entered against those parties, and, as a result of this Court's April 12, 2018 Opinion and Order, this Court has already found that the requested relief against those parties is warranted.

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 6th day of June, 2018,

**ORDERED** that Plaintiff's motion for default judgment against Nominal Defendants Montero and Merit is **GRANTED**, and thus, the Nominal Defendants are bound by this Court's April 12, 2018, Opinion and Order, which found, in relevant part, that:

- (1) Plaintiff has no obligation to defend or indemnify the Graham Defendants in connection with the *Montero* Action; and
- (2) Plaintiff has no duty to pay any judgment that the Nominal Defendants may obtain against the Graham Defendants in the *Montero* Action, insofar as such a judgment arises out of the Graham Defendants' snow and ice removal services; and it is further

**ORDERED** that this case shall be marked as **CLOSED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge